Filed 3/23/26  P. v. Rager CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085622 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN441511) |
| GREGORY RAGER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert J. Kearney, Judge.  Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Gregory Rager was charged in San Diego County with arson (Pen. Code, § 451, subd. (d)) and misdemeanor driving under the influence (Veh. Code, § 23152, subd. (f)).  Rager was arraigned on both charges.  On March 7, 2024, Rager failed to appear at an arraignment hearing, and a bench warrant was issued.

Rager was extradited from Las Vegas, Nevada. Rager was arraigned in San Diego and waived time for trial.

In October 2024, Rager made a motion to replace counsel. (*People v. Marsden* (1970) 2 Cal.3d 118.) The court held a hearing and denied the motion.

In November 2024, Rager pleaded guilty to one count of arson and pleaded guilty to misdemeanor driving under the influence. The strike prior was stricken, and the court sentenced Rager to one year, four months for arson with credit for 793 days custody credits. The court sentenced Rager to 180 days for misdemeanor driving under the influence with credit for 215 days. No fines or fees were imposed.

Rager filed a timely notice of appeal and obtained a certificate of probable cause from the trial court.

Appellate counsel has filed a brief in accordance with *People v. Wende* (1979) 25 Cal.3d 436 indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as mandated by *Wende*. We offered Rager the opportunity to file his own brief on appeal, but he has not responded.

We will not include a statement of facts since this appeal arises from guilty pleas.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to independently review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738, counsel has identified two possible issues that were considered in evaluating the potential merits of this appeal:

1. Whether proper procedures were followed under the Interstate Agreement on Detainers in the process of extraditing Rager from Nevada.

2. Whether the trial court erred in denying Rager's *Marsden* motion.

We have independently reviewed the record for error as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Rager on this appeal.

## DISPOSITION

The judgment is affirmed.

                                              HUFFMAN, J.*

WE CONCUR:


DO, Acting P. J.


CASTILLO, J.

<hr>

*       Retired Associate Justice of the Court of Appeal, Fourth Appellate
District, assigned by the Chief Justice pursuant to article VI, section 6 of the
California Constitution.